01
02
03
04
05
06
07

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

08  MIGUEL ALMEJO PALOMERA,       ) CASE NO.   C07-1496-JCC-MAT
                                  )            (CR05-344-JCC)
09          Petitioner,            )
                                  )
10     v.                          )
                                  ) REPORT AND RECOMMENDATION
11  UNITED STATES OF AMERICA,     )
                                  )
12          Respondent.            )
    _____ )

13

14                          INTRODUCTION

15      Petitioner, proceeding *pro se*, has filed a motion to vacate, set aside, or correct his

16 sentence pursuant to 28 U.S.C. § 2255. (Dkt. No. 5). The government has filed a response to

17 the motion and petitioner has filed a reply. (Dkt. No. 11 & 14). Having reviewed the documents

18 submitted by the parties, and the balance of the record, the Court concludes that petitioner's §

19 2255 motion should be denied.

20                          BACKGROUND

21      On September 20, 2005, petitioner pled guilty to conspiracy to distribute cocaine. (Dkt.

22 No. 11 at 4). The district court sentenced petitioner to 57 months in prison. ( *Id*.) Because

REPORT AND RECOMMENDATION
PAGE -1

petitioner is not a U.S citizen, he will be deported upon serving his sentence. Petitioner appealed his sentence to the Ninth Circuit Court of Appeals but voluntarily withdrew his appeal before it was decided. (*Id.*, Ex. A).

On September 24, 2007, petitioner filed the instant § 2255 motion. (Dkt. No. 1). On October 12, 2007, he refiled the motion using a pre-printed form for such motions. (Dkt. No. 5). After receiving one extension of time, the government filed its response on December 21, 2007. (Dkt. No. 11). The Court issued an Order noting petitioner's motion for consideration on January 18, 2008. (Dkt. No. 13). On February 1, 2008, petitioner filed a document entitled "Petition for Writ of Habeas Corpus." (Dkt. No. 14). The Court construes this document as an untimely reply to the government's response but because petitioner is incarcerated and proceeding *pro se*, the Court will consider it. Accordingly, the matter is now ready for review.

## GROUNDS FOR RELIEF

Petitioner lists the following grounds for relief in his § 2255 motion:[1]

1. Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of nature of the charge and consequences of the plea.

2. Conviction obtained by use of coerced confession.

3. Conviction obtained by use of evidence gained pursuant to an unconstitutional

---

[1] The government lists a fifth ground for relief that includes multiple claims. (Dkt. No. 11 at 2). Petitioner listed these claims in an abbreviated manner in response to a question regarding whether he had already presented the claims to a federal court. (Dkt. No. 5 at 10). Accordingly, the Court will not address the claims because it appears that petitioner intended them to be merely a summary of his existing claims. Alternatively, even if the claims are viewed as additional claims, the Court would not consider them because they are unsupported by facts or argument. *See Blackedge v. Allison*, 431 U.S. 63, 74 (1977) (holding that conclusory allegations unsupported by specifics are subject to summary dismissal in habeas proceedings).

REPORT AND RECOMMENDATION
PAGE -2

    search and seizure.

  4.  Conviction obtained by the a [sic] violation of the privilege agaist [sic] self incrimination.

(Dkt. No. 5 at 4-8).

## DISCUSSION

In general, petitioner's grounds for relief lack factual support and therefore do not lend themselves to much analysis. His first ground for relief is supported solely by his assertion that "Plea Agreemnt [sic] to plea guilty for Result of a less sentence, 4 years, no more of 57 months." (Dkt. No. 5 at 5). This cryptic statement does not provide sufficient information to form a claim for relief. Petitioner's second ground for relief – "conviction obtained by use of coerced confession" – lacks any factual support. His third ground for relief is supported solely by his assertion that "The police don't have permission to Investigate [sic], and search the car." (Dkt. No. 5 at 7). However, claims, such as this one, which are based upon the Fourth Amendment are not cognizable on collateral review when the petitioner has been afforded an opportunity for full and fair litigation of the claim. *See Stone v. Powell*, 428 U.S. 465, 494 (1976); *see Tisnado v. United States*, 547 F.2d 452, 456 (9th Cir. 1976) (applying *Stone* rule to motions filed under 28 U.S.C. § 2255). Petitioner had an opportunity to litigate this claim but decided to forego that opportunity when he pled guilty.

Petitioner's fourth claim is apparently based upon his Fifth Amendment right against self-incrimination. In support of this claim, petitioner asserts "Because they obtained from undercover officer. After they took us to the plice [sic] Department, me, and my brother, we don't have the right to get a [sic] Bail." This claim is apparently based on a theory that the right against self-

01 incrimination applies to undercover investigations. However, petitioner provides no authority to
02 support this novel interpretation of the law, and the claim should be denied.

03 Finally, although not listed separately as a ground for relief, interwoven throughout
04 petitioner's § 2255 motion is the argument that, as the government points out, petitioner's "trial
05 counsel was ineffective because he did not argue for a lower sentence based on [his] status as a
06 deportable alien." (Dkt. No. 11 at 6).[2] However, this argument is belied by the record. Attached
07 to the government's response is the sentencing memorandum filed by petitioner's trial counsel.
08 (Dkt. No. 11, Ex. G). In the memorandum, counsel argued that "due to the defendant's alienage,
09 there are a number of programs that the defendant is not qualified to participate in: 6 months early
10 release halfway house (18 U.S.C. § 3621) while in custody." (*Id*. at 16). Counsel concluded: "In
11 the case at bar, the defendant's ineligibility for prerelease custody and minimum-security
12 confinement as a result of his status as a deportable alien constitutes a mitigation factor to be
13 considered by the trial court." (*Id*.) Thus, contrary to petitioner's assertion, his trial counsel did
14 raise the argument regarding his alienage and ultimately, counsel was successful in obtaining a
15 sentence slightly below the government's recommendation. Therefore, petitioner's claim that
16 counsel was ineffective lacks merit and should be denied.

17 <center>CONCLUSION</center>

18 For the foregoing reasons, the Court recommends that petitioner's § 2255 motion be
19 denied and this action be dismissed. No evidentiary hearing is necessary because the record
20

---

21 [2] For example, petitioner restates this argument in his reply, asserting that his sentence
22 should be reduced due to fact that he is not a U.S. citizen and consequently cannot participate in programs offered by the federal Bureau of Prisons. (Dkt. No. 14).

REPORT AND RECOMMENDATION
PAGE -4

01 conclusively shows that petitioner is not entitled to relief. *See* 28 U.S.C. § 2255; *Miller v. United*

02 *States*, 339 F.2d 704 (9th Cir. 1964). A proposed Order accompanies this Report and

03 Recommendation.

04      DATED this <u>12th</u> day of February, 2008.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -5